IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>    378 Main Street<br>    Tucson, AZ 85701,<br><br>WILDEARTH GUARDIANS<br>    301 N. Guadalupe Street, Suite 201<br>    Santa Fe, NM 87501, and<br><br>MIAMI WATERKEEPER<br>    2103 Coral Way<br>    Miami, FL 33145,<br><br>    *Plaintiffs,*<br><br>                    v.<br><br>WILBUR ROSS, Secretary of the<br>U.S. Department of Commerce<br>    1401 Constitution Ave., NW<br>    Washington, DC 20230,<br><br>CHRIS OLIVER, Assistant Administrator<br>for Fisheries at the National Oceanic<br>Atmospheric Administration<br>    1315 East-West Highway<br>    Silver Spring, MD 20910, and<br><br>NATIONAL MARINE FISHERIES<br>SERVICE<br>    1315 East-West Highway<br>    Silver Spring, MD 20910,<br><br>    *Defendants*. | Case No: 1:20-cv-2439 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

# INTRODUCTION

1.      In this civil action for declaratory and injunctive relief, Plaintiffs Center for Biological Diversity, WildEarth Guardians, and Miami Waterkeeper (collectively, Conservation Organizations) challenge the National Marine Fisheries Service's (Service) failure to comply with the nondiscretionary deadlines set forth in Section 4 of the Endangered Species Act, 16 U.S.C. §§ 1531–1544.

2.      Specifically, the Service failed to designate critical habitat for the Nassau grouper (*Epinephelus striatus*) concurrently with its decision to list the species as threatened or within one additional year from the date of the proposed listing after making a "not determinable" finding. *Id.* § 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C). Nassau groupers, one of the largest coral reef fish, form spawning aggregations that make them particularly vulnerable to overfishing. They also face the loss of habitat, including from human activities affecting coastal mangroves, seagrass beds, estuaries, and coral reefs.

3.      Nassau groupers are protected under the Endangered Species Act because they are threatened by habitat loss from global warming, sea-level rise, ocean acidification, and loss of structural habitat in coral reef ecosystems. Designated habitat would identify the most important areas for Nassau groupers and prevent federal activities that would destroy them. The Nassau grouper remains at risk until the Service fulfills its statutory duties to designate the critical habitat necessary to support the grouper's survival and recovery.

4.      To ensure that the Endangered Species Act can provide lifesaving protections for the Nassau grouper, the Conservation Organizations bring this action for declaratory relief against Wilbur Ross, in his official capacity as the Secretary of Commerce; Chris Oliver, in his official capacity as Assistant Administrator for Fisheries at the National Oceanic Atmospheric

Administration Service; and the National Marine Fisheries Service (collectively, Defendants). The Conservation Organizations ask this Court to find that the Defendants are in violation of the Endangered Species Act for failing to timely designate critical habitat for the Nassau grouper and order the Defendants to issue a rule designating critical habitat to safeguard the habitat the species need to survive.

## JURISDICTION AND VENUE

5. The Conservation Organizations bring this action under the Endangered Species Act, 16 U.S.C. §§ 1533, 1540(g). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (United States as a defendant), and 16 U.S.C. § 1540(g) (citizen suit provision of the Endangered Species Act).

6. The relief sought is authorized under 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (injunctive relief), and 16 U.S.C. § 1540(g).

7. The Conservation Organizations provided formal notice to the Defendants of their intent to file suit under the Endangered Species Act on April 6, 2020, more than 60 days prior to filing this complaint, consistent with the Endangered Species Act's statutory requirements. 16 U.S.C. § 1540(g)(2). Because the Defendants have not remedied the legal violations outlined in the notice, there exists an actual, justiciable controversy between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2201.

8. Venue in this Court is proper according to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A) because at least one Defendant resides in this judicial district and because a substantial part of the events giving rise to the Conservation Organization's claims occurred in this district.

## PARTIES

9. Plaintiff Center for Biological Diversity is a national, nonprofit conservation organization incorporated in California and headquartered in Tucson, Arizona, with offices in Mexico and throughout the United States, including California, Florida, Hawaii, North Carolina, and Washington, D.C. The Center works through science, law, and policy to secure a future for all species, great and small, hovering on the brink of extinction. The Center has 81,843 members dedicated to the protection of endangered species and wild places. The Center and its members are concerned with the conservation of imperiled species, including the Nassau grouper, through effective implementation of the Endangered Species Act. The Center brings this action on behalf of itself and its members.

10. Plaintiff WildEarth Guardians (Guardians) is a conservation nonprofit whose mission is to protect and restore the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Arizona, Colorado, Idaho, Montana, New Mexico, Oregon, and Washington, with over 6,700 members worldwide. As part of its conservation mission, between approximately 2010 and 2016, Guardians undertook a Wild Oceans campaign that sought to protect marine biodiversity, with actions including submitting Endangered Species Act listing petitions. As part of that campaign, Guardians petitioned for a suite of grouper species, including the Nassau grouper. Guardians continues to push for the conservation of these species. Guardians' members have a current and continuing interest in the Nassau grouper; its members enjoy observing them in the wild—and enjoy snorkeling with them in particular—and intend to continue doing so in the future.

11. Plaintiff Miami Waterkeeper, Inc. (Waterkeeper), is a non-profit organization serving more than 4.5 million people across Miami-Dade and Broward counties. Waterkeeper's

mission is to defend, protect, and preserve South Florida's watersheds through citizen engagement and community action rooted in sound science and research. The organization works to ensure swimmable, drinkable, fishable water for all. Waterkeeper is also dedicated to protecting South Florida's marine ecosystems and the marine life that depend on them, such as the Nassau grouper. Waterkeeper's "Protect Florida's Corals" campaign includes the goal of preventing damage to corals and marine ecosystems that the Nassau grouper calls home. Waterkeeper's 137 members have an interest in protecting South Florida's marine ecosystems for recreational diving, sport fishing, boating, scientific research, and resiliency benefits. Waterkeeper's approach combines education and outreach, scientific research, advocacy, and, when necessary, legal action.

12. The Conservation Organizations have members with concrete interests in the conservation of Nassau groupers and the protection of their critical habitat. The Conservation Organizations' members and staff have researched, studied, observed, and sought protection for the Nassau grouper. In addition, the members and staff have visited Nassau grouper habitat and observed or sought to observe the species in the wild. Conservation Organizations' members derive recreational, scientific, professional, aesthetic, spiritual, and ethical interests in the Nassau grouper and its habitats. For example, Conservation Organizations' members regularly go snorkeling and SCUBA diving in southern Florida, the Florida Keys, and the Caribbean with the intention and hope of seeing Nassau grouper and plan to do so in the future. Members know that Nassau groupers are an important part of coral reef ecosystems and that their extirpation would diminish these ecosystems and associated species that they study and enjoy viewing.

13. Defendants' failure to comply with the Endangered Species Act's nondiscretionary deadline to designate critical habitat for the Nassau grouper denies the grouper

vital protections that are necessary for its survival and recovery. For example, while the Defendants withhold final critical habitat designations, oil exploration, development activities, and commercial fishing continue to impact the Nassau grouper's habitat. Critical habitat is necessary to ensure these and other federally permitted activities do not result in the adverse modification or destruction of the Nassau grouper's essential habitat areas.

14. The Conservation Organizations' members are injured by the Defendants' failure to timely designate critical habitat, which delays significant protections for the grouper and harms its survival and recovery. Until Defendants protect the Nassau grouper's critical habitat under the Endangered Species Act, the Conservation Organizations and their members' interests in the groupers are injured. These are actual, concrete injuries presently suffered by the Conservation Organizations and their members; are directly caused by the Defendants' inaction; and will continue to occur unless this Court grants relief.

15. The relief sought herein—an order compelling the Defendants to designate critical habitat—would redress these injuries by protecting the Nassau grouper's habitat before it can be further degraded or destroyed, thereby protecting the grouper from extinction. This will allow the Conservation Organizations and their members to continue pursuing their educational, scientific, recreational, aesthetic, and spiritual interests in the grouper and its habitats. The Conservation Organizations and their members have no other adequate remedy at law.

16. Defendant Wilbur Ross, U.S. Secretary of Commerce, is the highest-ranking official within the Department of Commerce, and in that capacity, he has responsibility for its administration and implementation of the Endangered Species Act, including the timely designation of critical habitat, and for the compliance with all other federal laws applicable to the

Department of Commerce. The Conservation Organizations sue Defendant Ross in his official capacity.

17. Defendant Chris Oliver is the Assistant Administrator for Fisheries at the National Oceanic Atmospheric Administration. As Assistant Administrator, Defendant Oliver is a federal official with responsibility for implementing and enforcing the Endangered Species Act and its regulations, including the timely designation of critical habitat, and to comply with all other federal laws applicable to the agency. The Conservation Organizations sue Defendant Oliver in his official capacity.

18. Defendant National Marine Fisheries Service is a federal agency within the Department of Commerce. Through delegation of authority from the Secretary of Commerce, the National Marine Fisheries Service administers and implements the Endangered Species Act and is legally responsible for complying with its mandatory deadlines when making decisions and promulgating regulations, including designating critical habitat for the Nassau grouper.

## STATUTORY AND REGULATORY FRAMEWORK

19. The Endangered Species Act "represent[s] the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 180 (1978). Indeed, "Congress intended endangered species be afforded the highest of priorities." *Id.* at 174. Accordingly, the Act's purpose is "to provide a program for the conservation of . . . endangered species and threatened species" and "to provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved." 16 U.S.C. § 1531(b).

20. To that end, the Endangered Species Act requires the Service to protect imperiled species by listing them as "endangered" or "threatened." 16 U.S.C. § 1533(a)(1). A species is

endangered if it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is threatened if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

21. A "species" includes "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16).

22. Once a species is listed, it receives a host of important protections designed to prevent its extinction and aid its recovery, including one of the most crucial protections: safeguards for its "critical habitat." 16 U.S.C. § 1533(a)(3)(A).

23. Critical habitat includes specific areas occupied by the threatened or endangered species with "physical or biological features . . . essential to the conservation of the species and . . . which may require special management considerations or protection," as well as specific areas unoccupied by the species that "are essential for the conservation of the species." 16 U.S.C. § 1532(5)(A). "Conservation" of a species means "the use of all methods and procedures which are necessary to bring any endangered species or threatened species to the point at which the measures provided pursuant to [the Endangered Species Act] are no longer necessary." *Id.* § 1532(3). Accordingly, critical habitat includes areas that require proper management to ensure a listed species cannot only survive but also recover.

24. Protecting a species' critical habitat is crucial for the protection and recovery of many listed species—particularly those that have become endangered or threatened because of historical and ongoing habitat loss or degradation. For example, Section 7 of the Endangered Species Act requires all federal agencies to ensure their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of their

8

designated "critical habitat." 16 U.S.C. § 1536(a)(2). In this way, a critical habitat designation provides increased protections beyond those provided by listing alone.

25. To ensure species at risk of extinction receive these essential habitat protections in a timely manner, Congress prioritized the designation of critical habitat. 16 U.S.C. § 1533(a)(3), (b)(6); *see also id.* § 1531(b) (statutory directive to "provide a means whereby the ecosystems upon which endangered . . . and threatened species depend may be conserved"). The Service is required, "to the maximum extent prudent and determinable," to designate critical habitat for a species "concurrently with making a determination" that it is endangered or threatened," *id.* § 1533(a)(3)(A), (b)(6)(C), and within one year of issuing a rule proposing critical habitat, *id.* § 1533(b)(6)(A)(ii). The critical habitat designation must be based on "the best scientific data available." *Id.* § 1533(b)(2).

26. Designation of critical habitat is not determinable when "[d]ata sufficient to perform required analyses are lacking; or . . . [t]he biological needs of the species are not sufficiently well known to identify any area that meets the definition of 'critical habitat.'" 50 C.F.R. § 424.12(a)(2).

27. If the Service finds it is not prudent to designate critical habitat or that critical habitat is not determinable at the time of listing, they must "state the reasons for not designating critical habitat in the publication of proposed and final rules listing a species." 50 C.F.R. § 424.12(a).

28. If critical habitat is not determinable at this mandatory decision point, the Service may extend the deadline to designate critical habitat "by not more than one additional year," at which point it must publish a final regulation "based on such data as may be available at that time." 16 U.S.C. § 1533(b)(6)(C)(ii).

29. The Endangered Species Act does not safeguard a species' habitat until the Service designates critical habitat. Accordingly, it is essential that the Service dutifully follow the Endangered Species Act's procedures and deadlines to ensure it designates critical habitat in a timely manner. Species with critical habitat designations are twice as likely to recover as species without designated critical habitat.

### FACTS GIVING RISE TO PLAINTIFFS' CLAIMS FOR RELIEF

30. The Nassau grouper, pictured below, is a friendly fish with a playful personality, and is known to interact with scuba divers. Nassau groupers are one of the largest reef fish and have a recorded lifespan of 29 years. They are intelligent and have demonstrated the ability to differentiate between people and recognize familiar divers. They are a favorite subject of underwater photographers due to their zebra-like coloration. "The Nassau grouper is typically



considered a reef fish, but it transitions through a series of developmental shifts in habitat." 81 Fed. Reg. 42,268, 42,272 (June 29, 2016). The Nassau grouper's continued existence is threatened by global warming, sea-level rise, ocean acidification, and loss of structural habitat in coral reef ecosystems. Recovery of the species will require the conservation of important habitats for all its life stages. In the United States, this habitat exists in coastal waters around southern Florida, the U.S. Virgin Islands, and Puerto Rico.

31. The Defendants proposed listing the Nassau grouper as threatened in 2014. 79 Fed. Reg. 51,929 (Sept. 2, 2014).

32. In its final rule, the Defendants made the final determination that the Nassau grouper should be listed as threatened. 81 Fed. Reg. 42,268 (June 29, 2016).

33. The Defendants did not designate critical habitat at the time it listed the species. Instead, the final rule stated that critical habitat was not yet determinable and that the Service would designate critical habitat in subsequent rulemaking. 81 Fed. Reg. at 42,270.

34. The Defendants had an additional year to publish a final critical habitat determination for the Nassau grouper, making it due by no later than or September 2, 2016. 16 U.S.C. § 1533(b)(6)(C)(ii).

35. To date, the Defendants have neither proposed nor designated critical habitat for the threatened Nassau grouper. Consequently, the Defendants are in violation of the Endangered Species Act.

36. The Defendants' ongoing failure to designate critical habitat for Nassau groupers deprives these animals of protections to which they are legally entitled and leaves them at increased risk of injury and death in their most important habitat areas.

## PLAINTIFFS' CLAIM FOR RELIEF

<u>Violation of the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(B)</u>
<u>Failure to Designate Critical Habitat for the Nassau Grouper</u>

37. The Conservation Organizations reallege and incorporate by reference all the allegations set forth in this Complaint as though fully set forth below.

38. The Endangered Species Act required the Defendants to designate critical habitat for the Nassau grouper concurrently with its decisions to list the species as threatened, or within one additional year from the date of proposed listing after making a "not determinable" finding. 16 U.S.C. § 1533(a)(3), (b)(6)(A)(ii), (b)(6)(C).

39. The Defendants asserted critical habitat was not determinable at the time of listing; however, the Defendants did not designate critical habitat within the additional year provided by the Endangered Species Act and still have not done so as of the date of filing this complaint.

40. The Conservation Organizations and their members are injured by the Defendants' failure to designate critical habitat, which violates Congress's mandate to designate critical habitat concurrently with listing a species and no more than one year after proposing critical habitat.

41. The Defendants' failure to designate critical habitat for the Nassau grouper violates the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A), (b)(6)(A), (b)(6)(C).

## REQUEST FOR RELIEF

WHEREFORE, the Conservation Organizations request that this Court enter a Judgment for Plaintiffs providing the following relief:

(1) Declare that the Defendants violated the Endangered Species Act by failing to designate critical habitat for the Nassau grouper;

(2) Order the Defendants to designate, by a date certain, proposed and final critical habitat for the Nassau grouper under the Endangered Species Act, 16 U.S.C. § 1533(a)(3)(A);

(3) Grant Plaintiffs their reasonable attorneys' fees and costs in this action, as provided by the Endangered Species Act, 16 U.S.C. § 1540(g)(4); and

(4) Provide such other relief as the Court deems just and proper.

DATED: September 1, 2020              Respectfully submitted,

/s/ *Jaclyn M. Lopez*
Jaclyn M. Lopez (D.C. Bar No. FL0017)
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190
Fax: (520) 623-9797
jlopez@biologicaldiversity.org

Catherine W. Kilduff (D.C. Bar No. 1026160)
Center for Biological Diversity
801 Boush St., Ste. 200
Norfolk, VA 23510
Tel: (202) 780-8862
ckilduff@biologicaldiversity.org

*Attorneys for Plaintiffs*